UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
BARBARA KEARNEY,

                    Plaintiff,

            -against-                        04 CV 06885
                                        MEMORANDUM & ORDER

ABN AMRO INC.,

                    Defendant.
-------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Plaintiff Barbara Kearney ("Kearney") brings this action

pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000(e), et seq. ("Title VII"); the

Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA")[1]; the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621-624

("ADEA")[2]; the New York State Human Rights Law § 290, et

seq. ("NYSHRL"); and the New York City Human Rights Law,

N.Y.C. Admin. Code § 8-107, et seq. ("NYCHRL").  Defendant

ABN AMRO Inc. ("ABN") moves to dismiss the Complaint

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

     For the reasons set forth below, Defendant's Motion to

Dismiss is GRANTED in part and DENIED in part.

---

[1] The Court notes that Plaintiff has voluntarily withdrawn
her EPA claim. (Pl.'s Mem. Law at 3, 13-14.)
[2] Plaintiff lists the ADEA as a basis for her employment
discrimination claim, however, she does not assert a claim
for relief under the ADEA.

## I. BACKGROUND

For purposes of this motion, the facts set forth in the Complaint are accepted as true. Plaintiff's employment with ABN commenced in October, 1990 and continued for over ten years, until her discharge on April 26, 2001. (Compl. ¶ 11.) From 1996 to 2000, Plaintiff held the title of vice president of Equity Capital Markets. (Id. ¶ 12.) In March 2000, she was promoted to senior vice president. (Id. ¶ 14.)

Plaintiff claims that she was treated differently from similarly situated male employees at ABN. Specifically, she asserts that ABN continuously paid her less, with respect to base salary and bonus payments, than male ABN employees with "substantially similar or lesser tenure and responsibilities." (Id. at 4-5.) Plaintiff illustrates the alleged pay disparity by comparing her earned base salary and bonus payments, from 1997 to 2000, to the yearly compensation received by similarly positioned male ABN employees. (Id.)

On several different occasions in 2000, Plaintiff met with her supervisor, Charles van Schelle ("van Schelle"), a managing director of ABN, to discuss her unequal pay. (Id. ¶ 20.) During those meetings van Schelle acknowledged the pay disparity but asked Plaintiff to be patient, promising

2

that ABN would "make up the difference in due course."
(Id.)  In January 2001, Plaintiff claims that despite a
favorable review she did not receive a salary increase and
received a disparate bonus as compared with similarly
positioned male employees. (Id. ¶ 22.)  Shortly thereafter,
in February 2001 Plaintiff met with her new supervisor,
Henry Erbe ("Erbe"), a managing director of ABN, to discuss
her disparate pay. (Id. at 5.)  During this meeting with
Erbe, Plaintiff was informed that she would not receive a
salary increase, and that only the "young ones" would
receive an increase. (Id.)

Sometime before April 2001, Defendant informed Plaintiff
that it was necessary to terminate two employees in
Plaintiff's department as a result of Defendant's merger
with another company. (Id. ¶ 27.)  Plaintiff was asked by
ABN management to provide suggestions as to which employees
should be terminated. (Id. ¶ 28.)  During a meeting, which
included Plaintiff, Erbe, and another ABN employee, it was
decided that Tia Bryant, an administrative assistant, and
Douglass Ridgeway, a production manager, would be
terminated from their employment at ABN. (Id.)  Although
Defendant assured Plaintiff that her employment was safe
from the merger-related workforce reductions, she was
discharged upon return from her vacation on April 26, 2001.

(Id. ¶¶ 27, 29.)  Plaintiff later learned that she was terminated in lieu of Ridgeway, who was originally slated for termination, and that she was replaced by two younger, less experienced male employees. (Id. ¶¶ 29-30.) Plaintiff asserts that her employment was terminated in retaliation for her repeated requests for equal pay. (Id. ¶ 26.)

On October 25, 2001, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging gender and age discrimination. (Id. ¶ 24; Colbath Decl. Ex. 2.)  On November 8, 2001, Plaintiff filed an amended complaint with the EEOC adding a claim under the Equal Pay Act. (Compl. Ex. A; Colbath Decl. Ex. 1 at Ex. A.)  Plaintiff checked the boxes for sex and age, indicating those bases as her "cause of discrimination." (Id.)  In her "Memorandum Accompanying Charge of Sex and Age Discrimination," Plaintiff alleges that Defendant has violated Title VII of the Civil Rights Act of 1964, the Equal Pay Act and the Age Discrimination in Employment Act of 1967 by paying her less than men of equal and lesser employment status and tenure and by terminating Plaintiff "in retaliation for her persistent efforts to receive equal pay." (Compl., Ex. A at 1-5.)  On June 4, 2004, the EEOC dismissed Plaintiff's charge and issued Plaintiff a Notice of Right to Sue. (Compl. ¶¶ 6-7.)

Plaintiff then timely filed the instant Complaint.
Defendant moves to dismiss the Complaint pursuant to Fed.
R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that
Plaintiff's claims are barred by the applicable statute of
limitations, that Plaintiff failed to comply with
applicable pleading requirements, and that Plaintiff
otherwise fails to state a claim upon which relief can be
granted.

## II. DISCUSSION

In considering a 12(b)(1) motion to dismiss for lack of
subject matter jurisdiction, a court must assume as true
all well pleaded factual allegations in the complaint and
draw all reasonable inferences in favor of the plaintiff.
Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004);
Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). The
Court should consider a 12(b)(1) motion before ruling on
any other motions to dismiss, because dismissal of an
action for lack of subject matter jurisdiction will render
all other defenses and motions moot. See United States ex
rel. Kreindler & Kreindler v. United Technologies Corp.,
985 F.2d 1148, 1155-56 (2d Cir. 1993); Rhulen Agency, Inc.
v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.
1990). Thus, a court confronted with a motion to dismiss
pursuant to both Rules 12(b)(1) and 12(b)(6) must decide

the "jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." Magee v. Nassau County Med. Ctr., 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998).

A. Rule 12(b)(1)

    1. Title VII: Discriminatory Treatment

Defendant argues that Plaintiff's Title VII gender-based discrimination claims should be dismissed, as they are time-barred. (Def.'s Mem Law at 4.)

Timely filing of a charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal court. 42 U.S.C. § 2000e-5(b). Under Title VII, a plaintiff in New York[3] must file a charge of discrimination with the EEOC within 300 days of the offensive conduct occurring. 42 U.S.C § 2000e-5(e)(1); see also Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133 (2d Cir. 2003); Weeks v. New York State, 273 F.3d 76 (2d Cir. 2001); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

---

[3] Section 2000e-5(e) provides for a 300-day statute of limitations for filing a charge of discrimination with the EEOC in states that have an agency with the authority to address charges of discriminatory employment practices, which New York has. For states without such an agency, the statute of limitations to file an EEOC charge is 180 days. 42 U.S.C § 2000e-5(e).

Plaintiff filed her EEOC charge of gender and age discrimination on October 25, 2001. Plaintiff has claimed several disparate pay violations from 1997 to 2000, which is more than 300 days before the day Plaintiff filed her EEOC charge. Therefore, Plaintiff's Title VII gender discrimination claims are time-barred with respect to acts or events that occurred before December 29, 2000.

Plaintiff argues that her Title VII discrimination claims are timely, because Defendant's repeated refusal to compensate her with equal pay vis-à-vis male employees constitutes a continuing violation, which is an exception to the filing statute of limitations. The continuing violation exception provides that "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone, would have been barred by the statute of limitations." MacDonnell v. Liberty Cent. Sch. Dist., 115 Fed. Appx. 489, 490-491 (2d Cir. 2004) (quoting Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997)) The Supreme Court, however, has held that discrete discriminatory acts are not actionable if they are time-barred, even when they are related to acts

alleged that were timely filed. See AMTRAK v. Morgan, 536
U.S. 101, 113 (2002) ("Each discrete discriminatory act
starts a new clock for filing charges alleging the act.").

The Second Circuit has stated that "a claim of
discriminatory pay is fundamentally unlike other claims of
ongoing discriminatory treatment because it involves
discrete, individual wrongs rather than a single and
indivisible course of wrongful action." Pollis v. New Sch.
for Social Research, 132 F.3d 115, 119 (2d Cir. 1997); see
also Crosland v. City of N.Y., 140 F. Supp. 2d 300, 308
(S.D.N.Y. 2001) (noting "[i]t is well-settled that . . .
failure to compensate adequately, and failure to promote
are all discrete acts which do not constitute a continuing
violation."). Plaintiff's complaint of disparate pay
violations, from 1997 to 2000, which occurred outside the
300-day statute of limitations, are discrete acts and
independently actionable. Thus, Plaintiff has failed to
establish a continuing violation.

Accordingly, all claims based on acts of gender
discrimination occurring before December 29, 2000 are
hereby DISMISSED as time-barred.

2. Title VII: Retaliation

Defendant asserts that this Court lacks subject matter
jurisdiction over Plaintiff's Title VII retaliation claim

because Plaintiff failed to raise the claim in her EEOC charge. Specifically, Defendant points to Plaintiff's failure to check the "retaliation" box on her EEOC Charge form or on her Amended Charge form. (Def.'s Mem. at 9.)

Before filing a Title VII claim in federal court, a plaintiff must first pursue his or her available administrative remedies and file a complaint with the EEOC. See Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir. 2001); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). A district court's jurisdiction over Title VII claims is limited to the claims included in the EEOC Charge. Butts, 990 F.2d 1397, 1401. "This exhaustion requirement is an essential element of Title VII's statutory scheme." Id. However, the Second Circuit has recognized that claims that were not asserted before the EEOC "may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." Deravin, 335 F.3d 195, 200 (quoting Legani, 274 F.3d at 686); see also Butts, 990 F.2d at 1401 (citations omitted). A claim is "reasonably related"[4] to complaints in an EEOC charge "where

---

[4] The Second Circuit has also recognized two other types of claims that are reasonably related to the claims asserted

9

the conduct complained of would fall within the 'scope of
the EEOC investigation which can reasonably be expected to
grow out of the charge of discrimination.'" <u>Butts</u>, 990 F.2d
at 1402 (quoting <u>Smith v. American President Lines, Ltd.</u>,
571 F.2d 102, 107 n.10 (2d Cir. 1978)).

Although Plaintiff did not check the "retaliation" box
on the EEOC Charge form or on the Amended Complaint form,
her memorandum accompanying the EEOC charge form repeatedly
raised her retaliation claim. (Compl., Ex. A at 1-5.)  In
the narrative portion of her EEOC charge, Plaintiff
specifically alleged that she was terminated "in
retaliation for her persistent efforts to receive equal
pay," and provided facts giving rise to her claim. (Id.)
Plaintiff's retaliation claim was clearly within the "scope
of the EEOC investigation" and is reasonably related to her
EEOC discrimination claim. <u>Butts</u>, 990 F.2d at 1402. <u>See
also</u> <u>Macri v. Newburgh Enlarged City Sch. Dist.</u>, 01 Civ.
1670, 2004 U.S. Dist. LEXIS 10515, at *52-53 (S.D.N.Y. June
7, 2004) (finding that while plaintiff did not check
"retaliation" box on EEOC charge, she still could pursue a

_____

in an EEOC complaint: "(1) a claim 'alleging retaliation by
an employer against an employee for filing an EEOC charge,'
and (2) a claim where the plaintiff 'alleges further
incidents of discrimination carried out in precisely the
same manner alleged in the EEOC.'" <u>Deravin</u>, 335 F.3d 195,
201, n.3 (<u>quoting</u> <u>Butts</u>, 990 F.2d at 1402-03).

retaliatory claim because Plaintiff's charge alleged facts supporting the claim); <u>Stuevecke v. New York Hosp. Med. Ctr. Of Queens</u>, No. 01-CV-326, 2003 U.S. Dist. LEXIS 14793, at *13-*14 (E.D.N.Y. Aug. 26, 2003) (finding that plaintiff who did not check the "retaliation" box on the EEOC charge could pursue her retaliation claim as plaintiff's "narrative description of . . . alleged wrongdoing could reasonably have prompted an investigation of retaliatory conduct.")  Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim is hereby DENIED.

    3. State & City Claims

    Defendant seeks to dismiss Plaintiff's claims alleging gender and age discrimination and willful retaliation in violation of NYSHRL and NYCHRL, arguing those claims are time-barred by the statute of limitations.  (Def.'s Mem. at 13.)  The adverse employment action determination date in Plaintiff's case is the date she was terminated, April 26, 2001.  Based on that date, Plaintiff's NYHRL claims would be time-barred because she did not commence this action until August 25, 2004, four months after the statute of limitations expired.  However, Plaintiff argues that her NYHRL claims were tolled during the pendency of her EEOC charge, because the EEOC inexplicably failed to file her charge with either the New York State Department of Human

Rights ("NYSDHR") or the New York City Department of Human rights ("NYCDHR"). (Pl.'s Mem. Law at 18.)

The statute of limitations under the New York Human Rights Law ("NYHRL") is three years. N.Y.C.P.L.R. § 214(2); Van Zant, 80 F.3d 708, 714; Koerner v. State of New York, 62 N.Y.2d 442, 447 (N.Y. 1984). "In the employment discrimination context, a claim accrues on the date that an advance employment determination is made and communicated to the plaintiff." Radin v. Albert Einstein College of Med. of Yeshiva University, 04 Civ 704, 2005 U.S. Dist. LEXIS 9772, at *57 (S.D.N.Y May 20, 2005). "As a general rule, an action is deemed commenced with the state agency when the EEOC forwards the complaint to the state agency." Sharpe v. American Express Co., 689 F. Supp. 294, 302 (S.D.N.Y. 1988). According to 29 C.F.R. § 1601-13(a)(4)(i)(B), "[s]tate or local proceedings are deemed to have commenced on the date such document [the Charge] is mailed or hand delivered" by the EEOC.

Plaintiff initiated proceedings with the EEOC on October 21, 2001 and requested that the Charge be filed with both the EEOC and the NYSDHR—the state agency responsible for processing employment discrimination claims—pursuant to a worksharing agreement between the two agencies. (Compl., Ex. A; Colbath Decl., Ex. 2.) For reasons unknown to

Plaintiff[5] or to this Court, the NYSDHR or the NYCDHR never received Plaintiff's charge.  However, Plaintiff has provided this Court with an affidavit stating that employees of both the NYSDHR and the NYCDHR confirmed, via telephone conversations, the absence of any record within their respective database systems of the EEOC ever having cross-filed Plaintiff's charge. (Baron Decl.)  While courts do not generally "penalize litigants for EEOC's mistakes," Harris v. City of N.Y., 186 F.3d 243, 248 n.3 (2d Cir. 1999), the Court cannot reach the issue of Plaintiff's equitable tolling argument as applied to her pendant state claims without further information from the EEOC.

Plaintiff argues that had the EEOC forwarded her Charge to the state and local agency, as mandated, her claims under the NYSHRL and the NYCHRL would have been tolled during the pendency of the Charge. Plaintiff argues that because the EEOC serves a similar administrative function as the NYSDHR and the NYCDHR, her state and city claims should be tolled during the pendency of the EEOC Charge.

N.Y. Exec. Law § 297(a) provides a stay by prohibiting the commencement of suit when a complaint has been filed

---

[5] Plaintiff suggests that the EEOC's failure to file her Charge with either NYSDHR or NYCCHR "may be related to the events surrounding the EEOC's loss of its offices on September 11, 2001." (Pl.'s Mem. Law at 18.)

with the New York Division of Human Rights.  "Thus, upon
the filing of such a complaint and during its pendency, the
Statute of Limitations is tolled until the administrative
proceeding is terminated." Pan American Airways v. N.Y.
Human Rights Bd., 61 N.Y.2d 542, 549 (N.Y. 1984).
Therefore, only upon a dismissal by the NYSHRD or the
NYCHRD on the ground of administrative convenience, may a
plaintiff bring a federal claim.[6] See N.Y. Exec. Law § 297;
Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d
251, 257 (2d Cir. 1991) (stating "Section 297 clearly
provides that a plaintiff whose complaint before the state
agency is dismissed for administrative convenience may seek
a court remedy."); Moodie v. Fed. Reserve Bank of N.Y., 861
F. Supp. 10, 13 (S.D.N.Y. 1994), aff'd, 58 F.3d 879 (2d
Cir. 1995) (stating under § 279, dismissal on the ground of
administrative convenience is the only ground for not
barring a court action).

     The Court notes Defendant's argument that "courts in

---

[6] Under the Administrative Code's "so-called election of
remedies doctrine, an aggrieved individual has the choice
of instituting either judicial or administrative
proceedings." Lyman v. City of New York, 96 Civ. 2382, 1997
U.S. Dist. LEXIS 12340, at *12 (S.D.N.Y. Aug. 20, 1997)
(citing Hourahan v. Ecuadorian Lines, Inc., 95 Civ. 10698,
1996 U.S. Dist. LEXIS 19435 (S.D.N.Y. Dec. 31, 1996)).
Once a plaintiff invokes one procedure, she has elected her
remedy and cannot later pursue her claim in a different
forum. Lyman, 1997 U.S. Dist. LEXIS, at *12.

this Circuit have repeatedly held that the statute of
limitations is not tolled during the pendency of an EEOC
charge." (Def.'s Reply at 9.)  However, the decisions
relied on by Defendant differ significantly from
Plaintiff's case. E.g., Lamb v. Citibank, N.A., 93 Civ.
2358, 1994 U.S. Dist. LEXIS 12903, *23-*24 (S.D.N.Y. Sept.
9, 1994), aff'd, 1995 U.S. App. LEXIS 28868 (2d Cir.),
cert. denied, 517 U.S. 1188 (1995) (holding that filing
EEOC and state human rights charge does not toll
plaintiff's intentional infliction of emotional distress
claim); Katt v. The New York City Police Dep't, 95 Civ.
8283, 1996 U.S. Dist. LEXIS 19400, *8, (S.D.N.Y. Dec. 30,
1996) (holding that plaintiff's state common law torts not
tolled during pendency of EEOC charge); Gilani v. National
Ass'n of Sec. Dealers, 96 CV 8070, 1997 U.S. Dist. LEXIS
12287, at *31, n.5 (S.D.N.Y. Aug. 18, 1997) (stating that
plaintiff's state discrimination claims were not tolled
because plaintiff only filed a charge with the EEOC, and
not with the state Human Rights Division). In the present
case, Plaintiff's case is distinguishable from both Lamb
and Katt, because her NYSHRL and NYCHRL discrimination
claims are not distinct from her Title VII claims.
Moreover, unlike the plaintiff in Gilani, Plaintiff
specifically requested her EEOC charge be forwarded to the

15

state and local human rights agencies.

Although Plaintiff may not pursue her pendant claims without more evidence to authenticate the assertion that the EEOC failed to cross-file her charge with either the NYSDHR or NYCDHR, the Court recognizes that this issue cannot be resolved without discovery. The Court finds that had the EEOC forwarded the charge, the claims would be tolled, however the question of whether the EEOC is at fault is still outstanding and precludes grating Defendant's motion to dismiss.  Accordingly, Defendant's motion to dismiss Plaintiff's state and city law claims is DENIED at this time.

B. Rule 12(b)(6)

Defendant also moves to dismiss Plaintiff's Title VII gender discrimination claims and retaliation claim, arguing that Plaintiff failed to satisfy the pleading requirements for a Title VII employment discrimination claim.

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). The Court will grant such a motion only if, after viewing plaintiff's allegations in a most favorable light, "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957); see also Walker v. City of N.Y., 974 F.2d 293, 298 (2d Cir. 1992).

To survive a motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination," but rather need only include "a short and plain statement showing that the pleader is entitled to relief." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, (2002) (stating that the federal rules do not contain a heightened pleading standard for employment discrimination suits). The pleading standard as set out in Swierkiewicz requires that a complaint in an employment discrimination claim "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

1. Title VII: Gender Discrimination

Defendant argues that Plaintiff's gender discrimination claim fails to assert any facts to support her claim. However, at the pleading stage, it is sufficient that a plaintiff provide facts that simply give rise to an inference of discrimination. Phillip v. Univ. of Rochester, 316 F.3d 291, 298 (2d Cir. 2003) ("[A] Title VII plaintiff need not set forth circumstances supporting an

inference of discrimination in order to survive a Rule 12(b)(6) motion."); see also Swierkiewicz, 534 U.S. at 512-13.

Plaintiff has provided numerous facts spanning a four-year period alleging gender discrimination to provide Defendant fair notice of her gender discrimination claim. The Complaint clearly sets forth Plaintiff's claim of disparate pay treatment as compared to her male colleagues and provides Defendant "adequate notice of the essence of [Plaintiff's] claim: that similarly-situated male employees received higher wages than she did." Downes v. J.P. Morgan Chase & Co., 03 Civ. 8991, 2004 U.S. Dist. LEXIS 10510, at *23 (S.D.N.Y. June 3, 2004) (applying "liberal notice-pleading standards" in declining to dismiss plaintiff's EPA claim). Thus, Plaintiff satisfies the "fair notice" pleading requirement under the Swierkiewicz standard. Furthermore, while Plaintiff's gender discrimination claims that occurred before December 29, 2000 are time-barred, Plaintiff may "us[e] the prior acts as background evidence to support a timely claim." Morgan, 536 U.S. 101, 113.

Accordingly, Defendant's motion to dismiss Plaintiff's Title VII gender discrimination claims, which occurred

after December 29, 2000, is DENIED.[7]

    2. Title VII: Retaliation

    Defendant also argues that Plaintiff's retaliation claim
should be dismissed because it fails to state a claim for
relief.  To make a prima facie case of retaliation, the
Plaintiff must show (1) that she was engaged in a protected
activity; (2) that the employer was aware of the activity;
(3) that the employee suffered adverse employment
decisions; and (4) that there was a connection between the
adverse employment decision and the protected activity.
Boyce v. New York City Mission Society, 963 F. Supp. 290,
295 (S.D.N.Y. 1997).

    As previously discussed, Plaintiff need not establish a
prima facie case of discrimination at the pleading stage.
See Pearson-Fraser v. Bell Atl., 01 Civ. 2343, 2003 U.S.
Dist. LEXIS 89, at *11 (S.D.N.Y. Jan. 6, 2003) (stating
that Swierkiewicz's "simplified pleading standard applies
with equal force to retaliation claims").  Thus, Plaintiff
need only allege facts that give Defendant fair notice of

---

[7] The remaining, non time-barred Title VII claims of gender
discrimination alleged by Plaintiff are: (1) in January
2001, despite Plaintiff's favorable review, Defendant did
not grant Plaintiff a salary increase and did not provide
her with a bonus on par with male employees in same or
lesser positions (Compl. ¶ 22); and (2) in February 2001,
Defendant refused to remedy the continuous pay disparity
between Plaintiff and similarly situated male employees.
(Id. ¶ 23.)

the retaliation claim and the grounds upon which it rests.
Id.  In her Complaint, Plaintiff alleges that Defendant
terminated her employment as a result of her requests for
equal pay. (Compl. ¶ 26.) Plaintiff provides a timeline of
the events leading up to her termination and details the
circumstances surrounding her termination. The Court finds
that the Complaint provides Defendant fair notice of
Plaintiff's retaliation claim and the grounds upon which it
rests.

Accordingly, Defendant's motion to dismiss Plaintiff's
Title VII retaliation claim is DENIED.

C. Leave to Amend

Having found that Plaintiff's Title VII gender
discrimination claims that occurred prior to December 29,
2000, are time-barred, and therefore must be dismissed
pursuant to Rule 12(b)(1), the Court must next determine
whether Plaintiff should be granted leave to amend her
Complaint to cure any defects in these causes of action.
Under F.R.C.P. 15(a), leave to amend "shall be freely given
when justice so requires." Fed. R. Civ. P. 15(a).  However,
although "it is the usual practice upon granting a motion
to dismiss to allow leave to replead," Cortec Industries,
Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), a
court may dismiss without leave to amend when amendment

would be futile. Oneida Indian Nation of New York v. City
of Sherill, 337 F.3d 139, 168 (2d Cir. 2003) (citing Foman
v. Davis, 371 U.S. 178, 182 (1962)). In this case, because
Plaintiff's Title VII claims from before December 29, 2000
are time-barred, leave to amend is DENIED as futile.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss
is GRANTED in part and DISMISSED in part. Defendant's
Motion to Dismiss under Rule 12(b)(1) is GRANTED solely
with respect to Plaintiff's claim of gender discrimination
under Title VII, for acts that occurred before December 29,
2000, without leave to amend, and DENIED in all other
respects; and Defendant's Motion to Dismiss under Rule
12(b)(6) is DENIED. Defendant shall answer Plaintiff's
Complaint within (30) days of the date of this Memorandum
and Order.

SO ORDERED

DATED:    New York, New York
          August 10, 2006

Deborah a. Batts

DEBORAH A. BATTS
U.S.D.J

21